FILED
SUPERIOR COURT
OF GUAM

2018 MAR 26 PM 2: 41

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,

                Plaintiff,

     vs.

WILLIAM A. REYES,

                Defendant.

Case No. CM0191-17

**DECISION AND ORDER**
**Re: Objection to Competency**

**INTRODUCTION**

This matter is before the Honorable Alberto C. Lamorena III, sitting as a recusal court, for the limited purpose of addressing Defendant William Aguon Reyes' ("Defendant" or "Mr. Reyes") Objection to Competency filed on February 23, 2018. Attorney Daniel S. Somerfleck filed this objection on behalf of Mr. Reyes and moves for the recusal of the Honorable Elyze M. Iriate ("Judge Iriarte") as the assigned judge in the above-captioned matter.

**BACKGROUND**

On March 28, 2017, Defendant was charged with three counts of Violation of a Court Order (as a Misdemeanor) in violation of 9 G.C.A. § 30.40(a)(1). (Compl. Mar. 28, 2017.) These charges stems from allegations that Defendant violated a restraining order issued in CV0604-16 against Candice and Timothy Perkins and their immediate family members. (Decl. of Matthew Heibel, Compl., Mar. 28, 2017.) During Defendant's arraignment hearing on April

**ORIGINAL**

26, 2017, Defendant entered a plea of not guilty and waived his right to a speedy trial. Thereafter, Judge Iriarte was assigned to the matter.

Following her assignment, Judge Iriarte issued a Notice Regarding Potential Disqualification, which stated as follows:

> The undersigned is related within the third degree to an Assistant Deputy Attorney General at the Prosecution Division of the Office of the Attorney General. It is the Court's understanding that this person is not directly involved in the prosecution of this case. Therefore, it is the Court's intention to continue to preside over this case.

> Should any party disagree with my continuing to sit in these proceeding, such party may invoke the procedure under 7 GCA § 6107, objecting to my competency to preside over this matter. Such objections must be filed by May 11, 2017, or before the resolution of any substantive matter before the Court in which the parties have requested a decision from the Court. Failure to invoke section 6107 will amount to a waiver of any objections.

(Notice Regarding Potential Disqualification, May 10, 2017.) No objections concerning the assigned judge's relationship with an employee of the Prosecution Division of the Office of the Attorney General ("OAG") were filed by the deadline set forth in the notice.[1]

On November 27, 2017, Judge Iriarte issued a Criminal Trial Scheduling Order which set jury selection and trial for February 26, 2018. Three days prior to trial, Defendant filed the current Objection to Competency arguing therein "that there is reasonable basis to question Judge Iriarte's impartiality" considering her familial relationship with Chief Prosecutor Joseph B. McDonald ("Mr. McDonald") of the OAG. (Def.'s Obj. to Competency at 3, Feb. 23, 2018.) Judge Iriarte filed her answer to the objection on February 28, 2018.

---

[1] A separate objection to the assigned judge's competency was raised concerning her relationship with the alleged victims, which was disclosed in a separate notice. (See Form Three -- Disqualification (Notice of Potentially Disqualifying Facts), Oct. 6, 2017.) Another recusal court assigned to resolve this objection determined that disqualification was not warranted on those grounds. (See Dec. and Order Re: Obj., Nov. 14, 2017.)

Pursuant to 7 G.C.A. § 6107, the matter was referred to this Court on March 2, 2018 to determine whether Judge Iriarte should be disqualified from continuing to preside over the above-captioned matter.

## DISCUSSION

The grounds for disqualification of a judge are governed under 7 G.C.A. § 6105, which provides that "[a]ny judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned..." 7 G.C.A. § 6105(a). Under section 6105, "what matters is the appearance of bias, not "actual bias." People v. Camaddu, 2015 Guam 2 ¶ 74 (citing Van Dox v. Superior Court, 2008 Guam 7 ¶ 32). The appearance of bias is judged from an objective standard of a reasonable person "who knows all the facts, and understands the contexts of jurisdictions, parties, and controversies involved, including such realities of the Guam judicial system..." Van Dox, 2008 Guam 7 ¶ 32 (quoting Ada v. Gutierrez, 2000 Guam 22 ¶¶ 12-13). Furthermore, the Supreme Court of Guam has stated that the "the recusal statutes should not be so broadly construed so as to become presumptive. A judge's duty to hear a case and keep the wheels of justice rotating is just as strong as his or her duty to remove himself or herself if a reasonable person would not believe in his or her impartiality." Ada, 2000 Guam 22 ¶ 15 (internal quotation marks and citations removed).

Here, Defendant asserts that there is a reasonable basis to question Judge Iriarte's impartiality based on her familial relationship with Mr. McDonald and his role as the Chief Prosecutor at the OAG. Defendant suggests that this relationship and Mr. McDonald's role requires "vertical imputation" as to the acts of all attorneys working within the Prosecution Division, which would include the attorney assigned to handle this case in the assigned judge's courtroom. (Def.'s Obj. to Competency at 3, Feb. 23, 2018.) Judge Iriarte responded to this

objection by stating that Mr. McDonald has no role in the prosecution or supervision of this misdemeanor case and that she periodically obtains assurances from the prosecutors who appear in her courtroom to confirm that Mr. McDonald is not involved and does not supervise any of her cases. (Ans. To Obj. to Competency at ¶¶ 6-7, Mar. 2, 2018.) Judge Iriarte also noted concerns regarding the timeliness and service of the objection, which she has expressly not waived. (Id. at ¶¶ 9, 11).

Based on a review of the record, the objections raised, and the answer of Judge Iriarte, the Court does not believe disqualification is warranted. Although Mr. McDonald is the Chief Prosecutor, he is not directly involved in this matter, has never actively participated in the underlying proceedings, and does not supervise the attorney representing the OAG with respect to the matter. Furthermore, Defendant's theory of "vertical imputation" is too rigid of a rule to impose in this jurisdiction. Such a rule would effectively prevent the assigned judge from hearing any criminal proceeding brought by any attorney of the OAG working within the Prosecution Division, which would be untenable considering the small size of the legal community and the number of judges. See Ada v. Gutierrez, 2000 Guam 22 ¶ 13 (acknowledging that the "realities of the Guam judicial system should play a part in the application of the reasonable person standard"). With the assurances provided by the OAG that Mr. McDonald is not involved nor actively participating or supervising the case, the Court believes that an observer, with full knowledge of the circumstances and relationship, could not reasonably question Judge Iriarte's impartiality.

Furthermore, Judge Iriarte provided notice of her relationship with a member of the Prosecution Division of the OAG to Defendant on May 10, 2017 and Defendant thereafter failed to timely raise any objections concerning the judge's partiality. Although Mr. McDonald was

not the Chief Prosecutor at the time of this notice, the Court believes that such notice should have prompted Defendant to raise any partiality concerns concerning the judge's relationships with individuals at the OAG within the timeframe imposed. None were raised and the assigned judge continued to preside over the matter, which included the disposition of a substantive motion and other pre-trial issues. See San Union Inc. v. Arnold, 2017 Guam 10 ¶ 26 (adopting the rule that a party's failure to object to a judge's continued hearing of a matter constitutes a waiver of any potential disqualification). The timeliness of the current objection is further confounded by the fact that the Objection to Competency was filed one business day prior to trial and that Mr. McDonald held the role of Chief Prosecutor since at least August 2017 according to Defendant's filings. For these reasons, the Court also finds that Defendant's Objection to Competency was untimely and thus waived.[2]

## CONCLUSION

For the reasons set forth above, the Court finds that disqualification of Judge Iriarte is not required and that the matter be placed back on her active calendar.

**IT IS SO ORDERED** on this 26th day of March, 2018.



**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: AG ; D.Somerfleck

Date: 3/26/18  Time: 2:45

Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

---

[2] Judge Iriarte also raised the issue of improper service of the Objection to Competency in her answer. (Ans. To Obj. to Competency at ¶ 11, Mar. 2, 2018.) Based on a review of the record and the lack of any documentation concerning service, the Court additionally finds that service of the objection was not properly effectuated under 7 G.C.A. § 6107. See Long Term Credit Bank of Japan v. Superior Court, 2003 Guam 10 ¶¶ 41-43 ("a recusal statement must be served on the judge personally").